UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 19-CR-10104-ADB |
| DIOVANNI CARTER. | |
| Defendant | |

**GOVERNMENT'S MOTION IN LIMINE AND NOTICE OF INTENT TO PROCEED
BY WAY OF CERTIFICATE OF AUTHENTICITY PURSUANT TO
FED. R. EVID. 902(11), (13), (14)**

The United States of America, by and through the undersigned counsel, hereby moves *in
limine* and provides notice in accordance with Federal Rules of Evidence 902(11), (13), and (14),
if its intent to proceed by way of certificate with respect to authentication of certain records,
documents and data to be introduced at trial. The government may call certain fact witnesses,
keepers of the record, and potentially expert witnesses, to explain the significance and meaning
of certain records and data, and the manner of their creation, in order to establish relevance and
other aspects of their evidentiary significance.

**I.      INTRODUCTION AND FACTUAL BACKGROUND**

The United States brings this motion to simplify and shorten the jury trial in this matter.
Pursuant to Federal Rules of Evidence 902(11), (13) and 902(14) – "certified records generated
by an electronic process or system" and "certified data copied from an electronic device, store
medium, or file" are now self-authenticating. Based on these rules, as well as the pre-existing
Fed. R. Evid. 803(6), and 902(11) ("certified domestic records of a regularly conducted
activity"), the United States hereby moves *in limine* to pre-authenticate the following records:

(a)      Image of Cellular Phone: A forensic image of the cellular phone owned by the
         J.B. (Exhibit 1);

(b)     <u>Digitally Produced Data</u>: Data associated with the defendant's Google Account Data, including subscriber information, email content, and search history (Exhibit 2); and data associated with the defendant's and J.B.'s Apple iCloud accounts (Exhibit 3 and 4);

(c)     <u>Business Records</u>: Records received from:

(1) Sprint Corp. ("Sprint") (Exhibits 5 and 6);
(2) AT&T Inc. ("AT&T") (Exhibits 7 and 8);
(3) T-Mobile US Inc. ("T-Mobile") (Exhibits 9, 10, 11, and 12);
(4) Capital One Financial Corp. ("Capital One") (Exhibit 13); and
(5) Good Samaritan Hospital Medical Center ("Good Samaritan") (Exhibit 14).

Since the records at issue can still be subject to challenge on the basis of hearsay and relevance, the government may call witnesses if necessary. <u>See</u> Fed. R. Evid. 902(13), advisory committee's note to 2017 amendment ("A certification under this Rule can establish only that the proffered item has satisfied the admissibility requirements for authenticity. The opponent remains free to object to admissibility of the proffered item on other grounds. . .").  This Motion serves to simply authenticate the records – an uncontroversial premise – in advance of trial to conserve the resources of the Court, the jury, and the witnesses.  The government does not anticipate any stipulations, does anticipate objection to most, if not all, of this evidence and therefore wishes to preview these issues for the Court.

## II.     LEGAL BACKGROUND

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). In this Motion, the items at issue are: (a) an image of an iPhone belonging to the defendant's acquaintance, (b) digitally produced data associated with a Google account and Apple account, and (c) business records.

The burden under Rule 901(a) is slight, as "[o]nly a prima facie showing of genuineness is required; the task of deciding the evidence's true authenticity and probative value is left to the jury." United States v. Fluker, 698 F.3d 988, 999 (7th Cir. 2012). Moreover, certain types of evidence are "self-authenticating" and therefore "require no extrinsic evidence of authenticity in order to be admitted." Fed. R. Evid. 902.

### A.      Federal Rule of Evidence 902(13)

The United States requests that the Court rule that the Google, Apple, and cell provider phone records certified pursuant to 902(13) are prima facie authentic. See Exhibits 2-14. The defendant has not made any specific objection to the authentication of the records or voiced any challenge to their authenticity during pretrial proceedings. These out-of-state witnesses were asked to produce the certificates in order to make their appearance unnecessary. As such, there has been sufficient notice of these materials, and they should be admitted.

### B.      The Confrontation Clause Does Not Prohibit Admission into Evidence of the Self-Authenticating Documents

The Confrontation Clause of the Sixth Amendment provides that a criminal defendant "shall enjoy the right . . . to be confronted with witnesses against him." U.S. Const. Amend. VI. As part of its Confrontation Clause jurisprudence, the Supreme Court has specifically distinguished affidavits or certificates authenticating records from other types of affidavits. See Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009).

In Melendez-Diaz, the Court held that a particular affidavit prepared by a drug analyst as part of a criminal investigation was testimonial. Id. at 307. The affidavit states that certain powder seized from defendant was determined to be "cocaine." Id. In responding to the dissent's concern that the holding would eviscerate the usefulness of Rule 902(11), the Court explained that "[a] clerk could by affidavit *authenticate* or provide a copy of an otherwise admissible

record, but could not do what the analysis did here: *create* a record for the sole purpose of

providing evidence against a defendant." Id. at 322-23.

Relying on Melendez-Diaz, numerous Circuits and lower courts have concluded that

certifications authenticating records are not testimonial and therefore are not barred by Crawford

v. Washington, 541 U.S. 36 (2004). See United States v. Brinson, 2014 WL 6872171 (10th Cir.

Dec. 8, 2014) (holding that Melendez-Diaz did not apply because the certificate authenticating

debit card records did not contain any analysis that would constitute out-of-court testimony but

was simply a non-testimonial statement of authenticity) (citing *United States v. Yeley-Davis*, 632

F.3d 673, 680-81 (10th Cir. 2011)); United States v. Ellis, 460 F.3d 920, 927 (7th Cir. 2006)

(explaining that an authenticating certification under Rule 902(11) is "nothing more than the

custodian of record . . . attesting that the submitted documents are actually records kept in the

ordinary course of business" and "merely establish the existence of the procedures necessary to

create a business record"); United States v. Weiland, 420 F.3d 1062, 1077 (9th Cir. 2005) ("[A]

routine certification by the custodian of a domestic public record . . . and a routine attestation to

authority and signature . . . are not testimonial in nature.").

The Advisory Committee on Evidence Rules explicitly considered and confirmed Rules

902(13) and 902(14) do not violate the Confrontation Clause:

> The Committee was satisfied that there would be no constitutional issue,
> because the Supreme Court in [Melendez-Diaz] that even when a
> certificate is prepared for litigation, the admission of that certificate
> litigation is consistent with the right to confrontation if it does nothing
> more than authenticate another document or item of evidence. That is
> all that these certificates would be doing under Rule 902(13) and (14)
> proposals.

See Advisory Comm. On Evid. R. minutes, at 8-9 (April 17, 2015). The Committee "also relied

on the fact that the lower courts," relying on Melendez-Diaz, have "uniformly held that

certificates prepared under Rules 902(11) and (12) do not violate the right to confrontation." <u>Id.</u>

"The Committee determined that the problem with the affidavit found testimonial in <u>Melendez-</u>
<u>Diaz</u> was that it certified the accuracy of a drug test that was itself prepared for purposes of

litigation." <u>Id.</u> In contrast, the Committee noted that Rules 902(13) and 902(14) certificates

"would not be certifying the accuracy of any contents or any factual assertions. They would only

be certifying that the evidence to be introduced was generated by the machine. <u>Id.</u> Thus, the

Rules Committee found that use of Rule 902(13) and 902(14) certificates would not violate the

Confrontation Clause in criminal cases.

Consequently, neither the records nor the certificates of authenticity in Exhibits 1-14

raise problems under the Confrontation Clause, and this Court should hold that the authentication

of the image of the iPhone, digitally produced data, and business records via the certificates

discussed above does not violate the Confrontation Clause.

### III.    CONCLUSION

The government respectfully requests that the Court conclude that the certificates

attached as Exhibits 1-14 satisfy Rules 902(11), 902(13), and 902(14) and that live witness

testimony for the sole purpose of authenticating the records to which they relate is unnecessary.


ANDREW E. LELLING
United States Attorney

By:    <u>*/s/ Philip A. Mallard*</u>
PHILIP A. MALLARD
GLENN A. MACKINLAY

Assistant United States Attorneys

Date: February 7, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

By:     */s/ Philip A. Mallard*
        PHILIP A. MALLARD
        Assistant United States Attorney

Date: February 7, 2020