UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 19-CR-10104-ADB |
| DIOVANNI CARTER. | |
| Defendant | |

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

The United States of America submits the attached jury instructions pursuant to Rule 30 of the Federal Rules of Criminal Procedure. The Government reserves its right to supplement or modify these requested instructions in light of the requests, if any, filed by the defendant and the evidence in the case.

Preliminary Instructions:

    1.01 Duties of the Jury

    1.02 Nature of Indictment; Presumption of Innocence

    1.05 Evidence; Objections; Rulings; Bench Conferences

    1.06 Credibility of Witnesses

    1.07 Conduct of the Jury

    1.08 Notetaking

    1.09 Outline of the Trial

Instructions Concerning Certain Matters of Evidence:

    2.01 Stipulations

    2.02 Judicial Notice

2.03 Impeachment by Prior Inconsistent Statement; Prior Consistent Statements

2.04 Impeachment of Witness Testimony by Prior Conviction

Weighing the Testimony of an Expert Witness

Law Enforcement and Government Witness

2.08 Caution as to Cooperating Witness/Accomplice/Paid Informant

2.09 Use of Tapes and Transcripts

2.10 Flight After Accusation / Consciousness of Guilty

2.11 Statements by Defendant

2.15 Definition of "Knowingly"

2.17 Definition of "Willfully"

2.22 Eyewitness Identification Instruction

2.23 Testing Procedures and Failure to Conduct Certain Tests

<u>Final Instructions: General Considerations:</u>

3.01 Duty of the Jury to Find Facts and Follow Law

3.02 Presumption of Innocence; Proof Beyond a Reasonable Doubt

3.03 Defendant's Constitutional Right Not to Testify

3.04 What Is Evidence; Inferences

Kinds of Evidence: Direct and Circumstantial

3.06 Credibility of Witnesses

3.08 What Is Not Evidence

<u>Final Instructions Concerning the Offenses</u>

4.18.371(1) Conspiracy, 18 U.S.C. 1951(a)

4.18.1951 Interference with Commerce by Robbery

4.18.924 Discharging, Brandishing, Use and Carrying of Firearm

4.18.371(2) Pinkerton Charge

4.18.02(A) Aid and Abet, 18 U.S.C. 2(a)

4.18.02(B) Causing an Act to be Done Through Another, 18 U.S.C. 2(b)

4.18.922(G) Possession of Firearm in or Affecting Commerce by a Convicted Felon


Respectfully submitted,

ANDREW E. LELLING
UNITED STATES ATTORNEY

By:    */s/ Philip A. Mallard*
Philip A. Mallard
Glenn A. MacKinlay
Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

The government hereby certifies that the foregoing was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants.

*/s/ Philip A. Mallard*
Philip A. Mallard
Assistant U.S. Attorney

Date: February 7, 2020

**1.01 DUTIES OF THE JURY**

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not. The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

First Circuit Pattern Instruction, 1.01

**1.02 NATURE OF INDICTMENT; PRESUMPTION OF INNOCENCE**

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented at this trial by an assistant United States attorneys, Philip Mallard and Glenn MacKinlay. The defendant, Diovanni Carter, is represented by his lawyer, Jamie Sultan.

Diovanni Carter has been charged by the government with violations of federal law. He is charged with five offenses or counts: conspiring to interfere with commerce by robbery; interfering with commerce by robbery; using, brandishing, and discharging a firearm during the commission of a crime of violence; and being a felon in possession of a firearm.

The charges against Diovanni Carter are contained in the Indictment. The Indictment is simply the description of the charge against Diovanni Carter; it is not evidence of anything. Diovanni Carter has pleaded not guilty to the charge and denies committing the crime. He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.

First Circuit Pattern Instruction, 1.02

## 1.05 EVIDENCE; OBJECTIONS; RULINGS; BENCH CONFERENCES

I have mentioned the word "evidence." Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated—that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence. I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence. Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence. You should not be influenced by the objection. If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained. If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact. You may consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

First Circuit Pattern Instruction, 1.05

## 1.06 CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

First Circuit Pattern Instruction, 1.06

## 1.07 CONDUCT OF THE JURY

To ensure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research on the internet about anything in the case or consult blogs, social media, or dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, do not discuss the case or anyone involved with it, or your status as a juror on any social media or look up any of the participants there.

Eighth, if you need to communicate with me simply give a signed note to the courtroom deputy to give to me; and

Ninth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

First Circuit Pattern Instruction, 1.07

**1.08 NOTETAKING**

I am going to permit you to take notes in this case, and the courtroom deputy has distributed pencils and pads for your use. I want to give you a couple of warnings about taking notes, however. First of all, do not allow your note-taking to distract you from listening carefully to the testimony that is being presented. If you would prefer not to take notes at all but simply to listen, please feel free to do so. Please remember also from some of your grade-school experiences that not everything you write down is necessarily what was said. Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court. Instead, it is your collective memory that must control as you deliberate upon the verdict. Please take your notes to the jury room at every recess. I will have the courtroom deputy collect them at the end of each day and place them in the vault. They will then be returned to you the next morning. When the case is over, your notes will be destroyed. These steps are in line with my earlier instruction to you that it is important that you not discuss the case with anyone or permit anyone to discuss it with you.

First Circuit Pattern Instruction, 1.08

## 1.09 OUTLINE OF THE TRIAL

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the indictment is not evidence, neither is the opening statement evidence. Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, the defendant's attorney may, if he chooses, make an opening statement. At this point in the trial, no evidence has been offered by either side.

Next the government will offer evidence that it says will support the charges against the defendant.  The government's evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits.  In a moment I will say more about the nature of evidence.

After the government's evidence, defendant's lawyer may make an opening statement and present evidence in the defendant's behalf, but he is not required to do so.  I remind you that defendant is presumed innocent, and the government must prove the guilt of defendant beyond a reasonable doubt. Defendant does not have to prove his innocence.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments. I just told you that the opening statements by the lawyers are not evidence. The same applies to the closing arguments. They are not evidence either. In their closing arguments the lawyers for the government and defendant will attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decisions. Your deliberations will be secret. You will never have to explain your verdict to anyone.

First Circuit Pattern Instruction, 1.09

## 2.01 STIPULATIONS

The evidence in this case includes facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

First Circuit Pattern Instruction, 2.01

## 2.02 JUDICIAL NOTICE

Over the course of the trial, I have taken what is called "judicial notice" of certain matter. I believe that any matter subject to judicial notice is of such common knowledge or can be so accurately and readily determined that it cannot be reasonably disputed. You may, therefore, reasonably treat this fact as proven, even though no evidence has been presented on this point. As with any fact, however, the final decision whether or not to accept it is for you to make. You are not required to agree with me.

Adapted from First Circuit Pattern Instruction, 2.02.

## 2.03 IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT; AND PRIOR CONSISTENT STATEMENTS

You have heard evidence that before testifying at this trial, that a witness made a statement concerning the same subject matter as his testimony in this trial. You may consider that earlier statement to help you decide how much of witness's testimony to believe. If you find that the prior statement was not consistent with the witness's testimony at this trial, then you should decide whether that affects the believability of witness's testimony at this trial.

First Circuit Pattern Instruction, 2.03

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense. You alone are the judges of the witnesses' credibility.

Conversely, you may have heard evidence that before a witness testified in this trial, he made statements that were the same as, or similar to, what he said in the courtroom. You may consider evidence of this statement in determining the facts of this case. In addition, this evidence may help you decide whether you believe the witness' testimony. If someone said essentially the same thing before trial, it may be reason for you to believe that person's testimony in court. Again, you alone are the judges of the witnesses' credibility.

**2.04 IMPEACHMENT OF WITNESS TESTIMONY BY PRIOR CONVICTION**

You have heard evidence that a witness has been convicted of a crime. You may consider that evidence, together with other pertinent evidence, in deciding how much weight to give to that witness's testimony.

First Circuit Pattern Instruction, 2.04

## WEIGHING THE TESTIMONY OF AN EXPERT WITNESS

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion.

An expert is allowed to express his or her opinion on those matters about which he or she has special knowledge and training. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing an expert's testimony, you may consider the expert's qualifications, his or her opinions or reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept a witness's testimony merely because he/she is an expert. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

L. B. Sand, Modern Federal Jury Instructions: Criminal, & 7-21 (1990).

**LAW ENFORCEMENT AND GOVERNMENT WITNESSES**

You have heard the testimony of law enforcement officers and other witnesses employed by the government. You may accept or reject that testimony. The fact that a witness may be employed as a law enforcement officer or by the government does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or less weight than that of any other witness.

## 2.08 CAUTION AS TO COOPERATING WITNESS

You have heard the testimony of a cooperating witness.  He:

1)       provided evidence under agreements with the government;

2)       participated in the crime charged against the defendant; and

3)       received some other benefit from the government or stands to do so if certain conditions are satisfied.

Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of the cooperating witness with particular caution. He may have had reason to make up stories or exaggerate what others did because he wanted to help himself.  You must determine whether the testimony of such a witness has been affected by any interest in the outcome of this case, any prejudice for or against the defendant, or by any of the benefits he has received from the government or stands to receive in the future if certain conditions are satisfied. You may consider a guilty plea in assessing their credibility, but you are not to consider a guilty plea as evidence against this defendant in any way.

Adapted from First Circuit Pattern Jury Instruction, 2.08.

## 2.09 USE OF TAPES AND TRANSCRIPTS

Over the course of this trial you are going hear conversations that were recorded. This is proper evidence for you to consider. In order to help you, I am going to allow you to have a transcript to read along as the tape is played. The transcript is merely to help you understand what is said on the tape. If you believe at any point that the transcript says something different from what you hear on the tape, remember it is the tape that is the evidence, not the transcript. Any time there is a variation between the tape and the transcript, you must be guided solely by what you hear on the tape and not by what you see in the transcript.

First Circuit Pattern Instruction, 2.09

## 2.10 FLIGHT AFTER ACCUSATION/CONSCIOUSNESS OF GUILT

Intentional flight by a defendant after he or she is accused of the crime for which he or she is now on trial, may be considered by you in the light of all the other evidence in the case. The burden is upon the government to prove intentional flight. Intentional hiding or evasion after a defendant is accused of a crime is not alone sufficient to conclude that he or she is guilty. Flight does not create a presumption of guilt. At most, it may provide the basis for an inference of consciousness of guilt. But flight may not always reflect feelings of guilt. Moreover, feelings of guilt, which are present in many innocent people, do not necessarily reflect actual guilt. In your consideration of the evidence of flight, you should consider that there may be reasons for defendant's actions that are fully consistent with innocence.

It is up to you as members of the jury to determine whether or not evidence of intentional flight shows a consciousness of guilt and the weight or significance to be attached to any such evidence.

Adapted from First Circuit Pattern Jury Instruction, 2.10 & n.6; United States v. Candelaria-Silva, 162 F.3d 698, 707 (1st Cir. 1998).

## 2.11 STATEMENTS BY DEFENDANT

You have heard evidence that the defendant made a statement in which the government claims he admitted certain facts.

It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give it.  In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the statement may have been made and any facts or circumstances tending to corroborate or contradict the version of events described in the statement.

First Circuit Pattern Instruction, 2.11

## 2.15 DEFINITION OF "KNOWINGLY"

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

First Circuit Pattern Instruction, 2.15

## 2.17 DEFINITION OF "WILLFULLY"

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident or mistake.

First Circuit Pattern Instruction, 2.17

## 2.22 EYEWITNESS IDENTIFICATION INSTRUCTION

Testimony by a witness as to identity must be received with caution and scrutinized with care. The government's burden of proof extends to every element of each crime charged, including the burden of proving beyond a reasonable doubt the identity of an alleged perpetrator of an offense.

You may consider the following in evaluating the accuracy of an eyewitness identification: risks of identification under stress, and the influence of suggestive identification practices.

First Circuit Pattern Instruction, 2.22

## 2.23 TESTING PROCEDURES AND FAILURE TO CONDUCT CERTAIN TESTS

You have heard testimony that law enforcement conducted certain testing procedures, and you have heard the results of those tests. You may consider that testimony as you would any other evidence, and give it such weight as you believe it may deserve under the circumstances. Likewise, you may make reasonable inferences from the fact that certain tests were inconclusive, that certain tests were not conducted, or that certain investigative techniques were not used. Any such inferences, however, should not be based on unfounded speculation or conjecture about what the results of such tests or techniques might have been. There is no legal requirement that the government use any specific investigative tests or techniques or all possible tests or techniques to prove its case.

First Circuit Pattern Instruction, 2.23; United States v. Lassend, 545 Fed. Appx. 3 (1st Cir. 2013); United States v. Lassend, 4:10-CR-40019-FDS (D. Mass), Trial Day 5 Tr. at 124-25 (ECF No. 113).

**3.01 DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW**

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return—that is a matter entirely for you to decide.

First Circuit Pattern Instruction, 3.01

### 3.02 PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance. The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Diovanni Carter, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that defendant is guilty of the crime with which he is charged beyond a reasonable doubt. It is a heavy burden, but the law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to defendant. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. Defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against her.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt s to defendant's guilt of a particular crime, it is your duty to find him not guilty of that crime. On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of defendant's guilt of a particular crime, you should find him guilty of that crime.

First Circuit Pattern Instruction, 3.02

### 3.03 DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY

The defendant has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that the defendant did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

First Circuit Pattern Instruction, 3.03

## 3.04 WHAT IS EVIDENCE; INFERENCES

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

First Circuit Pattern Instruction, 3.04

## KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL

There are two types of evidence which you may properly use in deciding whether a defendant is guilty or not guilty.

One type of evidence is called direct evidence. Direct evidence is where a witness testifies to what he/she saw, heard or observed. In other words, when a witness testifies about what is known to her of her own knowledge by virtue of her own senses -- what she sees, feels, touches or hears -- that is called direct evidence.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside.

As you were sitting here, someone walked in with an umbrella which was dripping wet. Somebody else then walked in with a raincoat which also was dripping wet.

Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining. Inferences are deductions on conclusions which reason and common sense lead you to draw from the facts as established by the evidence.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt from all of the evidence in the case. In reaching your verdict it is permissible to draw and rely upon inferences from the evidence.

L. B. Sand, Modern Federal Jury Instruction: Criminal, & 5-2 (1990).

## 3.06 CREDIBILITY OF WITNESSES

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented. You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

First Circuit Pattern Instruction, 3.06

**3.07 CAUTIONARY AND LIMITING INSTRUCTIONS AS TO PARTICULAR KINDS OF EVIDENCE**

A particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

## 3.08 WHAT IS NOT EVIDENCE

Certain things are not evidence. I will list them for you:

1.      Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

3.      Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence. You must not consider such items.

4.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

5.      The indictment is not evidence. This case, like most criminal cases, began with an indictment. You will have that indictment before you in the course of your deliberations in the jury room. That indictment was returned by a grand jury, which heard only the government's side of the case. I caution you, as I have before, that the fact that defendant has had an indictment filed against him is no evidence whatsoever of his guilt. The indictment is simply an accusation. It is the means by which the allegations and charges of the government are brought before this court. The indictment proves nothing.


First Circuit Pattern Instruction, 3.08

## 4.18.371(1) CONSPIRACY, 18 U.S.C. § 1951(A)

The defendant is accused of conspiring to commit a federal crime—specifically, the crime of conspiracy to interfere with commerce by robbery.  The defendant is also charged substantively with committed the offense of interference with commerce by robbery.  These are separate crimes with separate elements. I will first address the conspiracy to interfere with commerce by robbery, and then the crime of interference with commerce by robbery.

The defendant is accused of conspiring to commit a robbery that would have had the effect of obstructing, delaying or affecting interstate commerce. It is against federal law to engage in such conduct. For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

> First,        that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to commit a robbery and that the robbery, as agreed-to, would have had an effect on interstate commerce, if successful; and

> Second,        that the defendant willfully joined that agreement.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details.

But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and

interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before the defendant can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that the defendant willfully joined in the agreement must be based upon evidence of his own words and/or actions. You need not find that defendant agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture. Even if the defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator. The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime, which is in this case interference with commerce by robbery.

The term "interstate commerce" means commerce between any point in a state and any point outside the state.  It is only necessary that the government prove beyond a reasonable doubt that there is a realistic probability that the crime as charged in the indictment had some slight or minimal effect on interstate commerce, or the potential for such an effect. It is not necessary for you to find that defendant knew or intended that his actions would affect interstate commerce.

"Robbery" means unlawfully taking or obtaining personal property from another, against his or her will, by means of actual or threatened force, or violence, or fear of injury to his or her person or property, or property in his or her custody or possession, or the person or property of a relative or member of his family or of anyone in his or her company at the time of the taking or obtaining.

Adapted from First Circuit Pattern Jury Instruction, 4.18.371, and 4.18.1951, & n.8; See United States v. Nguyen, 246 F.3d 52, 54 (1st Cir. 2001) ("All that matters is that [the defendant] entered a conspiracy whose objective was to steal the assets of an entity in interstate commerce. That the conspiracy failed to accomplish such objective is irrelevant."); United States v. Turner, 501 F.3d 59 (1st Cir. 2007). & n.8; United States v. Tkhilaishvili, 926 F.3d 1, 14 (1st Cir. 2019).

**4.18.1951, INTERFERENCE WITH COMMERCE BY ROBBERY**

The defendant is accused of committing a robbery that had the effect or would have had the effect of obstructing, delaying or affecting interstate commerce.  It is against federal law to engage in such conduct. For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

> First,          that the defendant knowingly and willfully obtained property from Gardy Dertelus or Express Stores, LLC, doing business as T-Mobile;
>
> Second,     that defendant did so by means of robbery;
>
> Third,        that the robbery affected interstate commerce.

The term "interstate commerce" means commerce between any point in a state and any point outside the state.  It is only necessary that the government prove beyond a reasonable doubt that there is a realistic probability that the crime as charged in the indictment had some slight or minimal effect on interstate commerce, or the potential for such an effect. It is not necessary for you to find that defendant knew or intended that his actions would affect interstate commerce.

 "Robbery" means unlawfully taking or obtaining personal property from another, against his or her will, by means of actual or threatened force, or violence, or fear of injury to his or her person or property, or property in his or her custody or possession, or the person or property of a relative or member of his family or of anyone in his or her company at the time of the taking or obtaining.

I instruct you that the crime robbery is completed as soon as property is taken. It does not matter if the property is recovered or later returned.

As I will explain in greater detail shortly, there are two means by which defendant may be found guilty even if he personally did not commit all of the essential elements. If the government proves beyond a reasonable doubt that the defendant conspired to commit the crime and knew that it was reasonably foreseeable the crime would be committed by a coconspirator. This is known as Pinkerton liability.

Additionally, the defendant may be found guilty of this crime if the government proves beyond a reasonable that the defendant took an affirmative act to help or cause the crime to be committed, and intended that the crime be committed by another.  Alternatively, the defendant may be found of this crime even if he did not participate in its commission if the government proves beyond a reasonable doubt that the defendant caused the crime to be committed. These forms of liability are known as aider and abettor liability.


Adapted from First Circuit Pattern Jury Instruction, 4.18.1951, & n.8 ("The First Circuit has upheld instructions that the jury must find the activity to have had a 'minimal, slight or subtle effect' on interstate commerce, United States v. Butt, 955 F.2d 77, 80 n.2 (1st Cir. 1992), and that the government only had to show 'any effect at all on interstate commerce,' even a 'minimal' or 'potential' one. United States v. Tkhilaishvili, 926 F.3d 1, 14 (1st Cir. 2019).").

## 4.18.924 DISCHARGING, BRANDISHING, USE AND CARRYING A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE, 18 U.S.C. § 924(C)

The Defendant is accused of using or carrying a firearm during and in relation to a crime of violence. It is against federal law to use, carry, brandish or discharge a firearm during and in relation to a crime of violence. For you to find the defendant guilty of this crime, you must be satisfied that the government has proven each of the following things:

First,        the defendant committed the crime of interference with commerce by robbery, described in Count Two; and

Second,      the defendant knowingly used or carried a firearm during and in relation to the robbery charged in Count Two.

I hereby instruct you that Interference with Commerce by Robbery as charged in Count Two of the Indictment is a Crime of Violence.

The word "knowingly" means that an act was done voluntarily and intentionally, not because of mistake or accident.

To "carry" a firearm means to move or transport the firearm on one's person or in a vehicle or container. It need not be immediately accessible. To "use" a firearm means to employ the firearm actively, such as to brandish, display, strike with, discharge or attempt to discharge it, or even to refer to it in a way calculated to affect the underlying crime. For either use or carry to be "during and in relation to" a crime, the firearm must have played a role in the crime or must have been intended by the defendant to play a role in the crime. That need not have been its only purpose, however.

The term "brandish" means, with respect to a firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.  The brandishing

of a firearm must be done intentionally, which means it cannot be accidentally displayed or made known to another person.

On the other hand, "discharge" means only that the weapon was fired.  Discharge does not require an intent to fire the weapon, and includes accidental discharges during the crime of violence.

For this Count, a "particular defendant need not have physically carried the gun" in order to be found guilty.  United States v. Bucci, 525 F.3d 116, 132 (1st Cir. 2008).  Rather, under Pinkerton v. United States, 328 U.S. 640 (1946), the Government may show "that a co-conspirator carried or used a firearm in furtherance of the conspiracy and that this was reasonably foreseeable to the defendant."  Flecha-Maldonado, 373 F.3d at 179.  I will explain this in greater detail.

As was the case with Count Two, there are two other ways that the defendant may be found guilty of this offense even if he personally did not commit all of the essential elements.

First, the defendant can be found guilty if the government proves beyond a reasonable doubt that the defendant conspired to commit the underlying crime and knew that it was reasonably foreseeable the underlying crime would be committed by a coconspirator.  For this particular offense, it must be reasonably foreseeable to the defendant that the coconspirator would use, carry, brandish or discharge during the commission of the crime of violence.  This is known as *Pinkerton* liability.  I will specifically instruct you on this form of liability in greater detail shortly.

Additionally, the defendant may be found guilty of this crime as an aider or abettor.  The defendant can be found guilty as an aider or abettor if the government proves beyond a reasonable that the defendant took an affirmative act to help or cause the crime to be committed,

and intended that the crime be committed by another.  Alternatively, the defendant may be found of this crime even if he did not participate in its commission if the government proves beyond a reasonable doubt that the defendant caused the crime to be committed by another.  These forms of liability are known as aider and abettor liability.

In order to find the defendant guilty of aiding and abetting the crime of using, carrying, brandishing and discharging a firearm during and in relation to a crime of violence, the government must prove that the defendant knew the firearm would be used, carried, brandished, or discharged, or caused it to be used, carried, brandished, or discharged during the commission of the crime of violence.  I will also specifically instruct you on this form of liability in greater detail shortly.

If you find the defendant guilty of using or carrying the firearm during the commission of a crime of violence, you must then determine whether or not the government has proven beyond a reasonable that the firearm was brandished, or discharged during and in relation to the crime of violence. You will be asked to note whether you have found the firearm to have been brandished or discharged on the verdict slip.  You may find that the firearm was both brandished and discharged.

The defendant does not need to have specifically intended that the firearm be discharged during the commission of the offense.  You are simply consider whether the government has proven beyond a reasonable doubt that the firearm was discharged, and not whether the discharge was accidental or intentional.

Adapted from First Circuit Pattern Instruction, 4.18.924, Rosemond v. United States, 572 U.S. 65 (2014) (considering aiding and abetting a § 924(c) crime; jury instruction "failed to convey that Rosemond had to have advance knowledge, of the kind we have described, that a confederate would be armed"); & Dean v. United States, 556 U.S. 568, 577 (2009) ("The 10–

year mandatory minimum applies if a gun is discharged in the course of a violent or drug trafficking crime, whether on purpose or by accident.").

## 4.18.371(2) PINKERTON CHARGE

There is another method by which you may evaluate whether to find the defendant guilty of the substantive charges set forth in Count Two and Count Three in the indictment.

If, in light of my instructions, you find beyond a reasonable doubt that the defendant was guilty on the conspiracy count (Count One), then you may also, but you are not required to, find him guilty of the substantive crimes charged in Count Two and Count Three, provided you find beyond a reasonable doubt each of the following elements:

<table>
<tr><td>First,</td><td>that someone committed the substantive crime or crimes charged in Count Two or Count Three or both;</td></tr>
<tr><td>Second,</td><td>that the person you find actually committed the substantive crime was a member of the conspiracy of which you found the defendant was a member;</td></tr>
<tr><td>Third,</td><td>that this co-conspirator committed the substantive crime or crimes in furtherance of the conspiracy;</td></tr>
<tr><td>Fourth,</td><td>that the defendant was a member of this conspiracy at the time the substantive crime or crimes were committed and had not withdrawn from it; and</td></tr>
<tr><td>Fifth,</td><td>that the defendant could reasonably have foreseen that one or more of his co-conspirators might commit the substantive crime.</td></tr>
</table>

If you find all five of these elements to exist beyond a reasonable doubt, then you may find the defendant guilty of the substantive crime charged, even though he did not personally participate in the acts constituting the crime or did not have actual knowledge of them.

If, however, you are not satisfied as to the existence of any one of these five elements, then you may not find the defendant guilty of the particular substantive crime unless the government proves beyond a reasonable doubt that the defendant personally committed that substantive crime, or aided and abetted its commission.

First Circuit Pattern Instruction, 4.18.371

## 4.18.02(A) AID AND ABET, 18 U.S.C. § 2(a)

To "aid and abet" means intentionally to help someone else commit the charged crime. To establish aiding and abetting, the government must prove beyond a reasonable doubt:

|  |  |
|---|---|
| First, | that the crime of interference with commerce by robbery, and/or discharging, brandishing, use and carrying was actually committed by someone; |
| Second, | that the defendant took an affirmative act to help or cause the crimes of interference with commerce by robbery, and/or the discharging, brandishing, use and carrying during a crime of violence; and |
| Third, | that the defendant intended to help or cause the commission of the crimes of interference with commerce by robbery, and/or the discharging, brandishing, use and carrying of a firearm during a crime of a violence. |

The second element, the "affirmative act" element, can be satisfied without proof that the defendant participated in each and every element of the crimes. It is enough if the defendant assisted in the commission of the crimes of interference with commerce by robbery, and/or the use, brandishing and discharge of a firearm during a crime of violence.  Additionally, it is enough that the defendant caused the crimes of interference with commerce by robbery, and/or the use, brandishing and discharge of a firearm during a crime of violence to be committed.

As I mentioned before, for the defendant to be convicted for aiding and abetting the crime of using, carrying, brandishing and discharge of a firearm during a crime of violence, the

government must prove that the defendant knew a firearm would be used or carried during the commission of the crime of violence.

The third element, the "intent" element, is satisfied if the defendant had advance knowledge of the facts that make the principal's conduct criminal. "Advance knowledge" means knowledge at a time the defendant can opt to walk away.

A general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of the robbery and knowledge that robbery is being committed are also not sufficient to constitute aiding and abetting. But you may consider these things among other factors in determining whether the government has met its burden.

Adapted from First Circuit Pattern Instruction, 4.18.02(A) & <u>Rosemond v. United States</u>, 572 U.S. 65 (2014) (considering aiding and abetting a § 924(c) crime; jury instruction "failed to convey that Rosemond had to have advance knowledge, of the kind we have described, that a confederate would be armed")

**4.18.02(B) CAUSING AN ACT TO BE DONE THROUGH ANOTHER, 18 U.S.C. § 2(b)**

If a defendant willfully "causes an act to be done" by another, the defendant is responsible for those acts as though he personally committed them. To establish that the defendant caused an act to be done, the government must prove beyond a reasonable doubt:

> First,     that another person committed a robbery that affected interstate commerce, and/or the use, brandishing and discharge of a firearm during a crime of violence; and

> Second,     that the defendant willfully caused these acts, even though he did not personally commit these acts.

The defendant need not perform the crime, be present when it is performed, or be aware of the details of its execution to be guilty of causing an act to be done by another. A general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of the robbery and knowledge that the robbery is being committed are also not sufficient to establish causing an act to be done through another. But you may consider these among other factors.

An act is done "willfully" if done voluntarily and intentionally with the intent that something the law forbids be done—that is to say with bad purpose, either to disobey or disregard the law.

As I mentioned before, for the defendant to be convicted for aiding and abetting the crime of using, carrying, brandishing and discharge of a firearm during a crime of violence, the government must prove that the defendant knew a firearm would be used or carried during the commission of the crime of violence.

Adapted from First Circuit Pattern Instruction, 4.18.02(B) & <u>Rosemond v. United States</u>, 572 U.S. 65 (2014) (considering aiding and abetting a § 924(c) crime; jury instruction "failed to

convey that Rosemond had to have advance knowledge, of the kind we have described, that a confederate would be armed")

**4.18.922(g) POSSESSION OF A FIREARM OR AMMUNITION IN OR AFFECTING COMMERCE BY A CONVICTED FELON, 18 U.S.C. § 922(g)(1)**

The defendant is charged with two counts of possessing a firearm in or affecting commerce after having been convicted of a crime punishable by imprisonment for more than one year.  It is against federal law for a convicted felon to possess a firearm that was connected with interstate or foreign commerce. For you to find the defendant guilty of this crime, you must be satisfied that the government has proven each of the following things beyond a reasonable doubt:

First,        that the defendant has been and knows he has been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;

Second,        that after this conviction, the defendant knowingly possessed or received the firearm or ammunition. The term "firearm" means any weapon which will or is designed or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon.  The word "knowingly" means that the act was done voluntarily and intentionally, not because of mistake or accident.

Third,        that the firearm or ammunition, at any time after it was manufactured, moved from one state to another or from a foreign country into the United States. The travel need not have been connected to the charge in the indictment, need not have been in furtherance of any unlawful activity and need not have occurred while the defendant possessed the firearm or ammunition.

The term "firearm" means any weapon which will or is designed or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon.

The word "knowingly" means that the act was done voluntarily and intentionally, not because of mistake or accident.

The term "possess" means to exercise authority, dominion or control over something. It is not necessarily the same as legal ownership. The law recognizes different kinds of possession.

Possession includes both actual and constructive possession. A person who has direct physical control of something on or around his or her person is then in actual possession of it. A person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it. A person must have actual knowledge of the weapon in order to have constructive possession of it. Briefness of contact alone does not preclude a finding of possession. Whenever I use the term "possession" in these instructions, I mean actual as well as constructive possession.

Possession also includes both sole and joint possession. If one person alone has actual or constructive possession, possession is sole. If two or more persons share actual or constructive possession, possession is joint. Whenever I have used the word "possession" in these instructions, I mean joint as well as sole possession.

Because the defendant is charged possessing two different firearms in separate counts, in order for you to find the defendant of both counts, you must find that the defendant possessed each firearm at a separate time or place.

First Circuit Pattern Instruction, 4.18.922(g)