UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| V. | * Case No. 1:19-CR-10104-ADB |
| STEPHAN ROSSER-STEWART<br>Defendant. | * |

# **OBJECTION TO REPORT AND RECOMMENDATION ON COMPETENCY TO STAND TRIAL**

NOW COMES the Defendant, Stephan Rosser-Stewart, by and through counsel, Paul Garrity, and submits this objection to the report and recommendation on competency to stand trial that was filed with this Court on August 27, 2021 (Hennessy, M.J.).

In support of this Objection, the Defendant states as follows:

1. On July 30, 2021 a competency hearing was held before Magistrate Judge Hennessy. At that hearing, Dr. Eric Drogin testified with regard to his competency evaluation of the Defendant and Dr. Katherine E. Sunder testified regarding the competency evaluation that she conducted while the Defendant was detained at FCI Butner. Both doctors had competing opinions, with Dr. Drogin testifying that he found the Defendant incompetent to stand trial while Dr. Sunder testified that she found the Defendant to be competent to stand trial.

2. Dr. Drogin testified that he found the Defendant to be "cognitively challenged and [a] chronically mentally ill individual with a documented history of paranoid psychosis". Dr. Drogin concluded that "[d]ue the above noted conditions, Mr. Rosser-Stewart does not display and consistently present ability to consult with his attorney with a reasonable

degree of rational understanding, nor a consistently rational as well as factual understanding of the proceedings against him. For this reason, it is my opinion, …that your client is not presently competent to stand trial"

3. Dr. Drogin testified at the July 30, 2021 competency hearing that the issue of competency is, in part, effected by the cognitive abilities of the Defendant. As a result, Dr. Drogin conducted a cognitive capacity test. On this test the Defendant scored 18 out of 30 points and displayed deficits in orientation, attention, concentration, calculation, and short-term memory.

4. Dr. Sunder conceded in her testimony at the July 30, 2021 competency hearing that cognitive abilities of a defendant are an important issue in determining whether a particular defendant is competent to stand trial. Dr. Sunder, however, did not conduct any cognitive testing on the Defendant. Rather, "Dr. Sunder testified that she did not observe any overt symptoms of a cognitive disorder to warrant further testing". (M.J. Hennessy Report and Recommendation, p. 15).

5. The Defendant objects to the Report and Recommendation on the issue of his ability to rationally and factually understand the nature of the proceedings against him based on Magistrate Judge Hennessy's failure to fully address the issue of the Defendant's cognitive deficits and Dr. Sunder's failure to test the Defendant along these lines. At the time Dr. Sunder was evaluating the Defendant at FCI Butner, she had in her possession records from Bridgewater State Hospital where the Defendant had been evaluated for competency between August and December 2015. Those records indicated that the Defendant "does appear to have some difficultly retaining factual information given he has been told this information in the past but has difficulty recalling it at a later time. However, this appears

to be related to some cognitive deficits and not symptoms of mental illness. Because Mr. Rosser-Stewart would not participate in cognitive testing, it is unclear what those deficits are." (M.J. Hennessy Report and Recommendation, p. 6). Dr. Sunder also had available to her Dr. Drogin's report/letter that stated that the Defendant had cognitive deficits. Nevertheless, Dr. Sunder did no testing of the Defendant's cognitive abilities and appears to have merely "eyeballed" the issue. Given the importance of cognitive ability in the competency determination, the Defendant objects to the failure of the Report and Recommendation to fully address this issue.

6. To the extant Magistrate Judge Hennessy attempted to discount the reliability of Dr. Drogin's cognitive capacity testing by referencing reliability concerns that were raised during M-FAST testing that Dr. Drogin conducted on the Defendant, the Defendant submits that the Magistrate Judge was conflating two separate tests. (M.J. Hennessy Report and Recommendation, p. 8). Cognitive testing is entirely separate from the M-FAST. The M-FAST is meant to address issues of psychosis and whether the particular defendant is attempting to malinger on this particular issue. The reliability testing for the M-FAST has nothing whatsoever to do with cognitive testing and the reliability of such testing. In any event, Dr. Drogin's determination of cognitive deficits appears to be reliable in that it is supported by the Defendant's medical records, records that Magistrate Judge appeared to gloss over when evaluating the Defendant's cognitive capabilities and how they interact with the issue of competency.

7. The Defendant further objects to Magistrate Judge Hennessy's determination that the Defendant had the ability to properly assist in his defense. First, the Defendant submits that the Magistrate Judge's reliance on the Defendant's conduct on January 26, 2019, some two

and a half years prior to the July 30, 2021 competency hearing, should be given little to no weight in terms of the Defendant's present ability to rationally assist in his defense. In addition, Magistrate Judge Hennessy's determination that the Defendant's conduct and demeanor at the July 30, 2021 competency hearing is consistent with an ability to assist in his defense did not take into account fully all of the Defendant's conduct during the hearing. Throughout the hearing, the Defendant, on multiple occasions, shook his head vigorously from side-to-side. This conduct, which was visible to the onlookers at the hearing, was extremely odd and continued throughout the hearing. This conduct was not taken into account at all by the Magistrate Judge in terms of the Defendant's ability to consult rationally with counsel and such conduct in front of a jury would be extremely detrimental to the Defendant.

8. Moreover, the Magistrate Judge appears to have not fully taken into account the stress of a jury trial on the Defendant. Although the Magistrate Judge addresses this issue on page 24 and 25 of his Report and Recommendation and stated that Dr, Drogin's concern about this issue was not without support, Magistrate Judge found that the stress of trial issue was just a possibility rather than a reality. The Defendant submits that the Magistrate Judge did not fully consider how the Defendant, given all of his cognitive and mental health issues, would react in a courtroom while individuals, such as co-defendants, were testifying against him. His conduct at the hearing and his conduct while at FCI Butner underscores his inability during these times to rationally conduct himself and interact with his defense counsel.

WHEREFORE, the Defendant objects for the above-stated reasons to the Report and Recommendation on competency and requests that this Court (Burroughs, J.) review the issue of the Defendant's competency to stand trial.

Respectfully submitted,<br>
Stephan Rosser-Stewart,<br>
By his Attorney,

Date: September 10, 2021 /s/     Paul J. Garrity
Paul J. Garrity
Bar No. 555976
14 Londonderry Road
Londonderry, NH 03053
603-434-4106
garritylaw@myfairpoint.net

## CERTIFICATE OF SERVICE

I, Paul J. Garrity, herein certify that on this 10th day of September, 2021, a copy of the within Motion was e-filed for all parties involved and mailed, postage prepaid, to Stephan Rosser-Stewart.

Date: September 10, 2021 /s/     Paul J. Garrity
Paul J. Garrity